```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH DAKOTA
                        SOUTHERN DIVISION
```

****************************************************************************
\*
NORTH AMERICAN                          \*       CIV. 10-mc-56
COMMUNICATIONS, INC.;                   \*
MICHAEL HERMAN; ROBERT                  \*
PALTROW; and SUSAN BENDER;              \*
                                        \*
            Plaintiffs                  \*       REPORT AND RECOMMENDATION
                                        \*
    -vs-                                \*
                                        \*
UNITED STATES OF AMERICA;               \*
DOUGLAS SHULMAN, Commissioner           \*
of Internal Revenue; and                \*
PEBBLE A. BULVIN-ALBERTELLI,            \*
Revenue Agent;                          \*
                                        \*
            Defendants.                 \*
                                        \*
****************************************************************************

Pending are taxpayers' Petition to Quash Summonses[1] and the IRS's Motion to Dismiss Taxpayers' Petition.[2]

## BACKGROUND[3]

The IRS is auditing North American Communications, Inc. ("NAC") for its 2008 and 2009 fiscal years. In connection with that audit, the IRS has learned that approximately $1.7 million of NAC's claimed business-related expenses for fiscal 2008 were paid through the use of credit cards. A NAC representative has stated, however, that NAC does not maintain any corporate credit cards.

---

[1]Doc. 1.

[2]Doc. 13.

[3]Doc. 14, pp. 2-5. These facts are established by the affidavit of agent Bulvin-Albertelli, Doc. 15.

Instead, according to the representative, several of NAC's employees use their personal credit cards to pay for NAC's business-related expenses.

On May 27, 2010, the IRS issued a summons to Citi Corporation Credit Service for credit card statements for Diners Club accounts held by NAC or certain of its employees. A few days later, a Citibank representative informed the IRS that a summons for Diners Club accounts should be directed to Citibank's subpoena compliance unit. On June 3, 2010, the IRS issued a second summons seeking the same credit card statements. Both summonses included identical instructions to provide credit card statements for 02/01/2007 – 02/28/2009 for accounts of the petitioners — North American Communications, Inc., Michael Herman, Robert Paltrow, and Susan Bender. Herman and Paltrow are officers of NAC. Bender is executive assistant to Herman and was issued credit cards in her name for conducting NAC business.

On June 28—25 days after the IRS gave notice of the Second Summons (and 32 days after it gave notice of the First Summons)—the petitioners filed their petition to quash the two summonses. Herman, Paltrow, Bender and NAC argue that the summonses should be quashed because they were not issued for a legitimate purpose and because the information sought by the summonses is not relevant to the IRS's investigation. The petitioners also assert that the IRS already possesses the information sought by the summonses.

## DECISION

**Jurisdiction.**

The IRS correctly asserts the court is without subject matter jurisdiction because the petition to quash was filed more than twenty days after the IRS gave notice of the summonses to the taxpayers.[4] The second notice for the summonses was given on June 3. The petition was filed 25

---

[4] 26 U.S.C. § 7609(b)(2)(A).

days later on June 28.⁵ Section 7609(b)(2)(A) provides:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).

"The government's waiver of sovereign immunity ends—and thus jurisdiction ends—when the twenty-day limitation period has run."⁶ Before stating the just quoted conclusion, *Faber* succinctly stated the governing legal principles:

> The courts in both *Stringer* and *Ponsford* explain the jurisdictional limitation of section 7609 in terms of a conditional waiver of the government's sovereign immunity. Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent. Because any exercise of a court's jurisdiction over the government depends on the government's consent, a statute that waives sovereign immunity must be strictly construed. Construing section 7609 strictly, the plain language of the statute indicates motions to quash must be filed within twenty days from the date notice is given. *Notice is given on the date it is mailed*.⁷

**Merits.**

To enforce an IRS summons, the government must show the summons

(i) was issued for a legitimate purpose;
(ii) seeks information that "may be relevant" to that purpose;
(iii) seeks information that is not already within the IRS's possession; and
(iv) satisfies all administrative steps required by the Internal Revenue Code.⁸

The government can satisfy, and has satisfied, its burden "merely by presenting the sworn affidavit of the [IRS] agent who issued the summons attesting to" the facts that establish the four

---

⁵The busted window is longer for the first summons for which notice was given on May 27.

⁶*Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990) (internal citations omitted) (italics added for emphasis).

⁷*Id. See also Roebuck v. U.S.,* 1997 WL 875661, *2 (S.D.Iowa 1997).

⁸*U.S. v. Powell*, 379 U.S. 48, 57-58; 85 S.Ct. 248 ( 1964).

Powell elements.[9] The government filed an affidavit from IRS agent Bulvin-Albertelli.[10] Once that happens, the burden shifts to the party contesting the summons.[11] The contesting party's burden is to "disprove one of the four elements of the government's prima facie showing or [to] convince the court that enforcement of the summons would constitute an abuse of the court's process."[12] This a heavy burden.[13] The burden can be satisfied only by alleging specific facts and introducing evidence.[14] Taxpayers' have not demonstrated the absence of one or more of the *Powell* factors. They have not demonstrated specific facts supported by one or more affidavits in response to the government's motion to dismiss.

## RECOMMENDATION

It is RECOMMENDED that the government's motion to dismiss (Doc.13) should be GRANTED. The court lacks jurisdiction because the taxpayers filed their petition longer than twenty days after the IRS notice that the summonses were issued. The statute[15] allows twenty days. The statute is a waiver of sovereign immunity. The government's consent to be sued, and the jurisdiction of the court, ended on the twentieth day unless a proceeding to quash such summons had been commenced before the twentieth day. Additionally, on the merits, the government has established all four *Powell* factors. Petitioners have not demonstrated the absence of any one of the

---

[9]*United States v. Leventhal*, 961 F.2d 936, 939-40 (11th Cir. 1992).

[10]Doc. 15.

[11]*U.S. v. Leventhal* at 939-40.

[12]*Id.*

[13]*Id.*

[14]*Id.*

[15]26 U.S.C. § 7609(b)(2)(A).

*Powell* factors. It is further RECOMMENDED Petitioner's Motion to Quash Summones (Doc. 1) be DENIED.

Dated September 24, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).